UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-22620-GAYLES
MAGISTRATE JUDGE P.A. WHITE

JOSE FUENTES,

     Petitioner,

v.                                        REPORT OF
                                    MAGISTRATE JUDGE
JULIE L. JONES, et al.,

     Respondents.

_____/

## I.  **Introduction**

The *pro se* petitioner, Jose Fuentes, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences entered following a jury verdict in Miami-Dade County Circuit Court, **case no. F06010270.**

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and, the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

No order to show cause has been issued, because it is evident that summary dismissal is warranted. See Rule 4,[1] Rules Governing Section 2254 Proceedings; see also, See e.g., Broadwater v. United

---

[1] Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...."

States, 292 F.3d 1302, 1303-04 (11th Cir. 2002) (a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision).

For its consideration of this petition (DE#1), the Court has reviewed the petitioner's available on-line criminal trial and appellate court dockets, relevant state court pleadings, copies of which are being filed by separate order and made part of the court's record.[2]

## II.  Procedural History

Petitioner was found guilty of two counts of murder on November 14, 2011.  (State Trial Court Docket ("STCD"), Case No. F06010270, DE#685,686).  Petitioner filed a direct appeal in the Third District Court of Appeal ("Third DCA").  (Third DCA Docket, Case No. 3D11-3048).  On **October 9, 2013,** the Third DCA *per curiam* affirmed without written opinion in Fuentes v. State, 124 So.3d 930 (Fla. 3d DCA 2013).  Mandated issued December 2, 2013.  (Third DCA Docket, Case No. 3D11-3048).  Thus, petitioner's judgment of conviction became final on **January 7, 2014,** which is 90 days after Florida's appellate court issued its decision affirming the state trial court and when time for seeking review with the U.S. Supreme Court expired.[3]

_____

[2]The court may take judicial notice of its own records in habeas proceedings. See Fed.R.Evid. 201; United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts); McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994), Allen v. Newsome, 795 F.2d 934, 938 (11th Cir. 1986).

[3]See Gonzalez v. Thaler, 132 S.Ct. 641, 655 (2012); Chavers v. Sec'y Dep't of Corr., 468 F.3d 1273 (11th Cir. 2006)(holding that AEDPA's one-year statute of limitations began to run 90 days after Florida appellate court affirmed habeas

Before the conviction/sentence became final, Petitioner filed a November 19, 2013 motion to correct sentence which the trial court denied on January 6, 2014. (STCD DE#723,733).

The federal limitations period ran unchecked for **217 days**, from the time petitioner's conviction became final on **January 7, 2014** until **August 12, 2014,** when the petitioner filed a post-conviction motion to correct sentence pursuant to Rule 3.800. (STCD DE#734). On January 13, 2015, the trial court denied the motion. (STCD DE#762). Petitioner did not appeal.

The federal limitations period ran unchecked for **38 days**, from the time the trial court denied Petitioner's rule 3.800 motion on **January 13, 2015** until **June 20, 2015,** when the petitioner filed a post-conviction motion pursuant to Rule 3.850. (STCD DE#763). On February 8, 2016, the trial court denied the motion. (STCD DE#815). Petitioner appealed in case no. 3D16-764. The Third DCA *per curiam* affirmed without written opinion in <u>Fuentes v. State</u>, 199 So.3d 272 (Fla. 3d DCA Aug. 24, 2016). Mandate issued September 19, 2016. (Third DCA Docket, Case No. 3D16-764). On September 23, 2016, Petitioner filed a motion in the Third DCA to enlarge page limits for a motion for rehearing, which the Third DCA denied on October

---

petitioner's conviction, not 90 days after mandate was issued by that court); <u>Pugh</u>, 485 F.3d at 1299-1300 ("In our decisions regarding the timeliness of habeas petitions filed by Florida prisoners, we have required the inclusion of the 90 days period for seeking direct review in the Supreme Court whenever the prisoner sought review in the highest court of Florida in which direct review could have been had for example...[where] the prisoner could have sought review in the Supreme Court...without first seeking review in the Supreme Court of Florida"); <u>Clifton v. Sec'y Dep't of Corr.</u>, 2012 WL 3670264, *2 n.3 (M.D.Fla., August 27, 2012)(distinguishing <u>Gonzalez</u> "because in Florida, the Supreme Court of Florida does not have jurisdiction to review a district court's per curiam decision on direct appeal") (citing <u>Jackson v. State</u>, 926 So.2d 1262, 1265 (Fla.2006)); <u>Gilding v. Sec'y Dep't of Corr.</u>, 2012 WL 1883745, *2 n.6 (M.D. Fla., May 22, 2012)(same); see also Sup.Ct.R. 13 (petition for certiorari must be filed within 90 days after entry of judgment); Sup.Ct.R. 30(1)(the day of the act is not counted and the last day, if not a weekend or federal holiday, is counted).

10, 2016.   (Third DCA Docket, Case No. 3D16-764).

Meanwhile, Petitioner filed a petition for writ of habeas corpus in the Third DCA on December 9, 2015. (Third DCA Docket, Case No. 3D15-3795). The Third DCA denied the motion. (Id.). On October 27, 2016, the Third DCA denied Petitioner's motion for rehearing and motion for rehearing *en banc* in Fuentes v. State, 214 So.3d 672 (Fla. 3d DCA 2016).

The federal limitations period ran unchecked for **146 days**, from the time the Third DCA denied Petitioner's motion on **October 27, 2016** until **March 21, 2017**, when Petitioner filed a motion to correct sentence pursuant to Rule 3.800 in the trial court. (STCD DE#833). The trial court denied the motion. (STCD DE#844). Petitioner appealed in case no. 3D17-1385. The Third DCA *per curiam* affirmed without written opinion in Fuentes v. State, 2018 WL 2127059 (Fla. 3d DCA May 9, 2018). Petitioner filed a motion for rehearing, which the Third DCA denied on June 13, 2018. (Third DCA Docket, Case No. 3D17-1385).  Mandate issued June 29, 2018. (Id.).

Petitioner first came to this court on January 1, 2017 filing a motion to exceed page limits in connection with a subsequent §2254 motion he planned to file. (17-CV-23318-Scola, DE#1). The Undersigned issued a report recommending denying the motion and closing the case. (17-CV-23318-Scola, DE#3). The District Court adopted the report in an October 17, 2017 order. (17-CV-23318-Scola, DE#5). Petitioner did not appeal.

Petitioner returned to this court on **June 26, 2018**, filing the instant federal habeas corpus petition, in accordance with the

mailbox rule.[4] (DE#1:22).

### III. <u>Discussion-Timeliness</u>

Since petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. <u>See</u> <u>Wilcox v. Fla.Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998)(*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. <u>See</u> 28 U.S.C. §2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus...."). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); <u>see</u> <u>Fed.R.App.</u> 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. <u>See</u> <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001); <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>See</u> 28 U.S.C. §2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2). Consequently, a petition is time-barred, pursuant to 28 U.S.C. §2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. <u>See</u> 28 U.S.C. §2244(d)(2); <u>see also</u>, <u>Rich v. Sec'y for Dep't of Corr's</u>, 512 Fed.Appx. 981, 982-83 (11th Cir. 2013); <u>Nesbitt v. Danforth</u>, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)(footnote omitted); <u>see also</u>, <u>Rich</u>, 512 Fed.Appx. at 983; <u>Everett v. Barrow</u>, 861 F.Supp.2d 1373, 1375 (S.D. Ga. 2012). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to tick. <u>Kearse v. Sec'y, Fla. Dep't of Corr's</u>, 736 F.3d 1359, 1362 (11th Cir. 2013); <u>Nesbitt</u>, 2014 WL 61236 at *1.

In that regard, "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPAs

limitations period." <u>Garby v. McNeil</u>, 530 F.3d 1363, 1367 (11th Cir. 2008)(citation omitted). A motion filed past the deadline for filing a federal habeas petition cannot toll the limitations period. <u>See</u> <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1098 (11th Cir. 2012)("In order for...§2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000); <u>Nesbitt</u>, 2014 WL 61236 at *1.

## A.   <u>Statutory Tolling Under §2244(d)(1)(A)</u>

On **October 9, 2013**, the Third DCA affirmed Petitioner's conviction and sentence. Thus, petitioner's judgment of conviction became final on January 7, 2014. Taking the post-conviction motions filed by Petitioner into account, the federal limitations period ran unchecked for **401 days** (217 + 38 + 146) from January 7, 2014 until he filed the instant motion on June 26, 2018. Because there was well over **one year** of untolled time after the conviction became final, during which no properly filed state post-conviction proceedings were pending, so as to statutorily toll the limitations period, the instant petition is untimely under §2244(d)(1)(A).

## B.   <u>Equitable Tolling</u>

The one-year limitations period set forth in §2244(d) "is subject to equitable tolling in appropriate cases." <u>Holland v. Florida</u>, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevent timely filing." <u>Id</u>. at 649 (<u>quoting</u> <u>Pace v. DiGuglielmo</u>,

544 U.S. 408 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr's, 742 F.3d 473, 477 (11th Cir. 2014)(quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. See Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014)(citing Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)).

"The diligence required for equitable tolling purposes is reasonable diligent, not maximum feasible diligence." Holland, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Cole, 768 F.3d at 1158 (quoting Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011)(citing Lawrence v. Fla., 421 F.3d 1221, 1226-27 (11th Cir. 2005)); Drew v. Dep't of Corr's, 297 F.3d 1278, 1286 (11th Cir. 2002).

First, a lack of access to his lost or misplaced legal materials and law libraries are not "constitutional impediments" unless petitioner can show these restrictions were not "reasonably related to legitimate penological interests." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 200)(quoting Lewis v. Casey,

8

518 U.S. 343, 361, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)); see also, Dodd v. United States, 365 F.3d 1273, 1283-83 (11th Cir. 2004)(stating "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."). No such showing has been made here.

Here, rather than seeking expeditious post-conviction review, **401 days** of untolled time elapsed in petitioner's state trial court proceedings. This impediment was not created by the state, but by the petitioner. Under the circumstances present here, petitioner cannot avail himself of §2244(d)(1)(B), in order to delay the running of the AEDPA's one-year limitations period.

Neither in the state forum nor in this habeas proceeding,[5] has petitioner established any entitlement whatsoever to equitable tolling. It should also be noted that there was over one year of untolled time during which no properly filed postconviction proceedings were pending. Petitioner has failed to demonstrate that he acted with diligence in pursuing his rights during that period. The court thus finds petitioner did not act diligently in pursuing his rights and is therefore not entitled to equitable tolling. See Holland, 130 S.Ct. at 2562; accord San Martin, 633 F.3d at 1267.

This court is not unmindful that petitioner pursued collateral relief in the state forum. Notwithstanding, as previously discussed

---

[5]The petitioner is cautioned that any attempt to provide due diligence in objections to this Report may not be considered in the first instance by the district court. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). This is so because "[P]arties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(quoting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

in this Report, there was well over one year of untolled time during which no **properly filed** postconviction proceedings were pending which would act to toll the federal limitations period. As a result of petitioner's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. See Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. den'd, 531 U.S. 991 (2000).

The time-bar is ultimately the result of the petitioner's failure to timely pursue state post-conviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted in **June 2018** is untimely, the petitioner's claim challenging the lawfulness of his judgment is now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

Finally, to the extent petitioner means to argue that he is entitled to equitable tolling of the limitations period, in that the failure to review his challenges on the merits will result in a fundamental miscarriage of justice, that claim also warrants no relief. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11ᵗʰ Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

10

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Taylor v. Sec'y, Dep't of Corr's, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); Wyzykowski v. Dep't of Corr's, 226 F.3d 1213, 1218-19 (11th Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). But cf. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2000)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his §2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F .3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support equitable tolling of the limitation period, notwithstanding, petitioner has failed to make a substantial showing of actual innocence.

Were "actual innocence" an exception to the application of the one-year limitations provisions of §2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623

(1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8 Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made here. Even if such an exception exists, the petitioner has failed to make the requisite showing of actual innocence that would support consideration of his untimely §2254 petition on the merits.

On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding. In other words, petitioner has not presented

sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claim(s) are not addressed on the merits. See Milton v. Sec'y, Dep't of Corr's, 347 Fed.Appx. 528, 531-532 (11th Cir. 2009)(holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder)(unpublished).

Petitioner challenges the sentence imposed by the state court in **2011**. It is evident that petitioner's arguments raised herein were readily available to him within a year of when his proceedings became final.

## IV. **Evidentiary Hearing**

To the extent petitioner requests an evidentiary hearing on this matter, the request must be denied. To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling a petitioner to enough equitable tolling to prevent his motion to vacate or habeas petition from being time-barred. See generally Chavez v. Sec'y Fla. Dep't of Corr's, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an

evidentiary hearing on the issue of equitable tolling of the limitations period was not warranted in a §2254 proceeding and further finding that none of the allegations in the habeas petition about what postconviction counsel did and failed to do came close to the serious attorney misconduct that was present in <u>Holland</u>, instead, were at most allegations of garden variety negligence or neglect). If so, he gets an evidentiary hearing and the chance to prove that those factual allegations are true. <u>Id</u>. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." <u>Id</u>. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

## V. **Certificate of Appealability**

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." <u>See</u> <u>Fed.R.App.P</u>. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a

constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Thus, issuance of a certificate of appealability is not warranted and should be denied. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## VI. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time-barred, that a certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of July, 2018.

UNITED STATES MAGISTRATE JUDGE

```
cc:  Jose Fuentes, Pro Se
     DC# B10274
     South Bay Correctional Facility
     Inmate Mail/Parcels
     600 U S Highway 27 South
     South Bay, FL 33493-2233

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com
```